600 September 24, 2025 No. 836

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ANDREW GUY MORET,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON
SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A180434

Submitted August 22, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne Fujita Munsey, Deputy Public Defender, Oregon Public Defense Commission, filed the opening and reply brief for appellant. Andrew Guy Moret filed the supplemental brief *pro se*.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Petitioner, who was convicted of murder with a firearm and unlawful use of a weapon, seeks judicial review of an order to the Board of Parole and Post-Prison Supervision (board). Petitioner asserts in his first counseled assignment that the board erred in setting a murder review eligibility date of September 15, 2045. He asserts in his second counseled assignment and in a *pro se* assignment that the board erred in declining to grant him a personal interview. Reviewing the board's order under ORS 183.482(8)(b) for substantial evidence and errors of law, we affirm.

Petitioner concedes that he did not raise before the board the precise issue now raised in his counseled first assignment, and we conclude for that reason that he did not exhaust his administrative remedies or preserve his argument for judicial review. *See Tuckenberry v. Board of Parole*, 365 Or 640, 650, 451 P3d 227 (2019) (describing "issue exhaustion," as required by board administrative rules requiring an offender who is challenging a board order to specifically identify "how the challenged Board action is alleged to be in violation of statutes or Board rules"); ORS 144.335(1)(b) (precluding judicial review of a board order unless the person appealing "has exhausted administrative review as provided by board rule"). This case does not present a circumstance in which, as a prudential matter, we would exercise our discretion to set aside or relax the requirements for issue-exhaustion of administrative remedies, *see Tuckenberry*, 365 Or at 654-55 (concluding that the issue-exhaustion requirement should be waived, because the petitioner had (1) set out a "general description" of the issue; (2) the issue was one of "important *** public interest concerning the board's statutory authority," and (3) it would likely have been "futile" for the inmate to raise the issue before the board); *see also Jacobs v. Board of Parole*, 342 Or App 41, ___ P3d ___ (2025) (setting aside issue-exhaustion requirement based on "equities and as a prudential matter"), and we therefore decline to address petitioner's first assignment.

In his second counseled and *pro se* assignments, petitioner asserts that the board erred in failing to accord

him a "personal interview." We assume, for the limited purpose of our discussion of those assignments, that the board's decision not to accord petitioner a personal interview caused petitioner to be "adversely affected or aggrieved," so as to be entitled to judicial review. *See* ORS 144.335(1) (permitting a "person over whom the State Board of Parole and Post-Prison Supervision exercises its jurisdiction" to "seek judicial review of a final order of the board" only if the person "is adversely affected or aggrieved by a final order of the board"). But we reject petitioner's assignments on their merits, because, as acknowledged by petitioner, the board's decision to accord a personal interview is within the board's discretion, *see* OAR 255-032-0005(1) (providing that, in lieu of holding a hearing, the board "may determine the prison term/murder review date by administrative file pass"), and we conclude that there is no indication on this record that the board abused its discretion in rejecting petitioner's request for a personal interview.

Affirmed.